No. 56639.—W. A. Cleary Corp. and W. R. Keating & Co., Inc. v. United States, protest 22975–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of lecithin similar in all material respects to that the subject of *United States* v. *C. J. Tower & Sons* (38 C. C. P. A. 131, C. A. D. 450), the claim of the plaintiffs was sustained.

No. 56640.—Boruch Fleishman v. United States, protest 154279–K (Boston).

Opinion by JOHNSON, J. In view of the evidence submitted at the trial, it was held that the comb and brush set, the fitted toilet set, and the umbrella are entitled to free entry under the provision in paragraph 1798, *supra*, for personal effects of persons arriving in the United States, necessary and appropriate for the wear and use of such persons and intended for such wear and use, and not for the use of anyone else nor for sale. The wine set and 138 pieces of silver were held free of duty under paragraph 1632 as household effects of persons or families from foreign countries, actually used abroad by them not less than 1 year, and not intended for any other person or persons nor for sale. However, as to the 30 yards of linen, the court found that it was not clear whether or not the character of the linen was such as would bring it under the provision for household effects nor was it established that such article was such personal effects as were necessary and appropriate for the wear and use of the plaintiff. The protest was therefore overruled as to said 30 yards of linen.

No. 56641.—Samuel Hird & Sons, Inc. v. United States, protest 181002–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find any evidence sufficient to overcome the action of the collector which was presumptively correct. The protest was therefore overruled.

BEFORE THE THIRD DIVISION, MAY 7, 1952

No. 56642.—Margaret M. Gomez, Administratrix of the Estate of M. N. Gomez v. United States, petition 6697–R (New Orleans).

Opinion by EKWALL, J. The petition was dismissed.